T. L. O'BRYAN *et al.* v. STANDIFORD, YOUMANS & ELDRED.

NOTE—*Action—Unverified Answer—Pleading Payment.* In an action on a note and mortgage, where the petition is sworn to, an unverified answer alleging payment and satisfaction of the debt will put in issue the question of payment, and it is error for the trial court to render judgment on the pleadings in favor of the plaintiffs.

*Error from Barber District Court.*

THE case is stated in the opinion.

*W. S. Denton,* for plaintiffs in error.

*E. C. Sample,* for defendants in error.

Opinion by GREEN, C.: This was an action on a note and mortgage, commenced in the district court of Barber county.

The plaintiffs filed an ordinary petition in a foreclosure suit, which was duly verified by one of their attorneys. The defendants answered, first, by denying all of the allegations of the petition except the execution of the note and mortgage described in the petition; and, for a second defense,

alleged that the debt sued upon had been wholly paid and satisfied in full. The answer was not sworn to. The plaintiffs filed a motion for judgment on the pleadings, which was sustained by the court, and judgment was accordingly rendered in favor of the plaintiffs for the amount prayed for in their petition, and a decree was entered for the foreclosure and sale of the mortgaged premises. The plaintiffs in error bring the record here for review.

The court below seemed to have held that, because the petition was sworn to and the answer was unverified, the latter did not raise an issue, and therefore rendered judgment in accordance with the prayer of the petition. This was error. The defendants below, in their answer, alleged payment and satisfaction of the debt, which, if true, was a complete defense to the action. There was no necessity for a verification of the answer under § 108 of the code. That section provides that, in all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of an appointment or authority, or the correctness of any account, duly verified by the affidavit of the party, his agent, or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent, or attorney. This does not include the defense of payment.

It is claimed by the defendants in error that the answer was rightfully disregarded, because the summons was returnable on the 21st day of April, 1888, and therefore the answer should have been filed on or before the 11th day of May following. But opposed to this position is the fact that the summons designated when the defendants should answer, and the further fact that they did file their answer on the very day named in the summons. The motion for judgment on the pleadings should have been overruled.

It is recommended that the judgment of the district court be reversed, and a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.